```
                FILED        ENTERED
                LODGED       RECEIVED

                AUG 23 2004   MR
              AT SEATTLE
         CLERK U.S. DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
```

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GEORGE P. HICKEY, | No. CV04-1831 |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| THE CITY OF SEATTLE, a municipal corporation, | |
| and | |
| JEFF KRUEGER, in his capacity as a police officer of the City of Seattle and as an individual, | |
| and | |
| JOHN DOE #1, in his capacity as a police officer for the City of Seattle and as an individual, | |
| and | |
| JOHN DOE #2, in his capacity as a police officer for the City of Seattle and as an individual, | |



04-CV-01831-CMP

COMPLAINT FOR DAMAGES - 1

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

and

JOHN DOE #3, in his capacity as a police officer for the City of Seattle and as an individual,

JOHN DOE #4, in his capacity as a police officer for the City of Seattle and as an individual,

and

JOHN DOE #5, in his capacity as a police officer for the City of Seattle and as an individual,

Defendants.

## INTRODUCTION

1. This is a civil action seeking damages against the above-named defendants. The civil claims include a common law tort cause of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

## JURISDICTION AND VENUE

2. This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

COMPLAINT FOR DAMAGES - 2

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

3. This Court has pendent jurisdiction over plaintiff's state law claim and over defendants as to said claim, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

4. The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the State of Washington.

5. Plaintiff is a resident and citizen of the state of Washington.

6. Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

## PARTIES

7. Plaintiff George P. Hickey is a citizen of the United States and a citizen and resident of the state of Washington.

8. Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington. Defendant City of Seattle is sued directly under Title 42, United States Code, § 1983 as to the federal causes of action, and under the doctrine of *respondeat superior* as to the state law cause of action.

9. Defendant City of Seattle includes, as one of its agencies, the Seattle Police Department.

10. At all times material to this complaint, police officer defendant John Doe #1 was employed by defendant City of Seattle. At all times material to this complaint, defendant John Doe #1 was an agent and employee of defendant City of Seattle and was acting within the

COMPLAINT FOR DAMAGES - 3

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

11. Defendant John Doe #1 is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

12. At all times material to this complaint, police officer defendant John Doe #2 was employed by defendant City of Seattle. At all times material to this complaint, defendant John Doe #2 was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

13. Defendant John Doe #2 is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

14. At all times material to this complaint, police officer defendant John Doe #3 was employed by defendant City of Seattle. At all times material to this complaint, defendant John Doe #3 was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

15. Defendant John Doe #3 is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

16. At all times material to this complaint, police officer defendant John Doe #4 was employed by defendant City of Seattle. At all times material to this complaint, defendant John Doe #4 was an agent and employee of defendant City of Seattle and was acting within the

COMPLAINT FOR DAMAGES - 4

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

17. Defendant John Doe #4 is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

18. At all times material to this complaint, police officer defendant John Doe #5 was employed by defendant City of Seattle. At all times material to this complaint, defendant John Doe #5 was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

19. Defendant John Doe #5 is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

20. At all times material to this complaint, defendant Jeff Krueger was employed by defendant City of Seattle. At all times material to this complaint, defendant Jeff Krueger was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

21. Defendant Jeff Krueger is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

## FACTUAL ALLEGATIONS

22. On August 25, 2001 a peaceful public rally was held in downtown Seattle and Denny Park.

COMPLAINT FOR DAMAGES - 5

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

23. Defendant City of Seattle sent officers of the Seattle police department to the downtown area, and Denny Park of Seattle. The officers patrolled the streets.

24. Defendant City of Seattle provided its police officers with what is believed to be pepper spray to use against citizens in the downtown area.

25. Pepper spray is a dangerous chemical weapon.

26. Plaintiff was on the scene as a working press photographer. He displayed a Seattle police department working press pass hanging from a cord around his neck at chest-high.

27. *Incident No. 1:* As plaintiff tried to photograph an arrest, defendant Krueger of the Seattle Police Department threatened plaintiff with arrest for allegedly blocking traffic on a sidewalk. Plaintiff was not blocking traffic. When plaintiff responded by stepping off the sidewalk in order to continue photographing, plaintiff was threatened with arrest for jaywalking.

28. *Incident No. 2:* As plaintiff accompanied the marchers downtown, he was threatened with arrest for stepping into the street to take photographs. Defendant John Doe #1 told plaintiff he would arrest him as soon as one foot touched the street. This officer also waved his hand in front of plaintiff's camera lens when plaintiff attempted to photograph him.

29. *Incident No. 3:* At Denny Park, plaintiff stood ready to photograph a police officer who was about to strike a person. Defendant John Doe #2, straddling a bicycle stepped in front of plaintiff's camera to block him from taking photographs. When plaintiff showed the officer his Seattle Police Department-issued press credentials and complained, Defendant John Doe #2 admitted to claimant that he was intentionally blocking claimant's view. During this

COMPLAINT FOR DAMAGES - 6

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

incident, John Doe #3 threatened claimant with arrest for standing too close to the police officer who had stepped in front of plaintiff while he sought to take pictures.

30. *Incident No. 4:* In downtown Seattle, police used their bicycles to force a group of citizens against a wall. Plaintiff was pepper-sprayed by defendant John Doe #4 during this incident while taking photographs.

31. *Incident No. 5:* Plaintiff observed Seattle police arresting a marcher in the area of 7th Avenue and Pine Street. Plaintiff raised his camera to his eye to take a photo. Defendant John Doe #5 rushed up to claimant, grabbed claimant's right arm and pulled it down, causing claimant's right hand to lose contact with the camera shutter and miss the photo.

32. Claimant was neither arrested nor charged with any offense during these incidents.

33. As a result of the acts and omissions of defendants, plaintiff suffered personal injuries including, but not limited to, pain and suffering, emotional distress, and other consequential damages.

## FIRST CAUSE OF ACTION: VIOLATION OF THE FIRST AMENDMENT

34. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 33.

35. The acts and omissions of defendants herein were done under color of state law, custom or usage.

COMPLAINT FOR DAMAGES - 7

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

36. Plaintiff had a federally-protected right, under the freedom of speech, press and assembly provisions of the First Amendment to the United States Constitution, to be present in downtown Seattle and to photograph the contacts between police officers and citizens during the August 25, 2001 rally and gatherings.

37. The acts and omissions of defendants herein proximately caused the deprivation of the First Amendment rights of George Hickey.

38. As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's First Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

## SECOND CAUSE OF ACTION: VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

39. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 38.

40. The acts and omissions of defendants herein were done under color of state law, custom or usage.

41. George Hickey was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

42. George Hickey had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

COMPLAINT FOR DAMAGES - 8

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

43. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of George Hickey.

44. As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### THIRD CAUSE OF ACTION: VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

45. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 44.

46. The acts and omissions of defendant John Doe #4 and defendant City of Seattle herein were done under color of state law, custom or usage.

47. George Hickey was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants as set forth herein.

48. George Hickey had a federally-protected right, under the Fourth Amendment, not to be subjected to the use of unreasonable force against his person.

49. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of George Hickey.

50. As a proximate result of the acts and omissions of defendants and the deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

COMPLAINT FOR DAMAGES - 9

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

## FOURTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH
## AMENDMENT DUE PROCESS CLAUSE

51. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 50.

52. The acts and omissions of defendants herein were performed under color of state law, custom or usage.

53. George Hickey had federally-protected rights, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to remain in a public place of his choice and the right to move from one place to another, in order to observe and photograph the actions of the police and the citizens in downtown Seattle and the Denny Park area.

54. The acts and omissions of defendants herein proximately caused the deprivation of plaintiff's Fourteenth Amendment rights.

55. As a proximate result of the acts and omissions of defendants, plaintiff suffered personal injuries as set forth hereinabove.

## FIFTH CAUSE OF ACTION:
## MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

56. Plaintiff hereby incorporates and realleges as though fully set forth herein each and every allegation of paragraphs 1 through 55.

COMPLAINT FOR DAMAGES - 10

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

57. At all times material to this complaint, defendant City of Seattle, by and through its chief of police, had in effect certain explicit and *de facto* policies, practices and customs which were applied to the treatment of civilians in downtown Seattle during the August 25, 2001 rally, including the use of chemical weapons against innocent civilians such as plaintiff George Hickey.

58. For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to act in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff, set forth hereinabove.

59. It was further the policy of the City of Seattle, by and through its chief of police, to approve, acquiesce, condone and ratify the acts in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff in the incident described hereinabove.

60. For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

61. The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the acts in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff in the incident described herein was a deliberate choice by defendant City of Seattle, by and through its chief of police.

62. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

COMPLAINT FOR DAMAGES - 11

**MUENSTER & KOENIG**
**JOHN R. MUENSTER, INC., P.S.**
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

63. The above-described policies, practices and customs of defendant City of Seattle proximately caused the deprivation of the First, Fourth and Fourteenth Amendment rights of the plaintiff.

64. As a proximate result of the above-described policies, practices and customs of defendant City of Seattle, and as a result of the deprivation of plaintiff's First, Fourth and Fourteenth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

65. At all times material herein, defendant City of Seattle had a duty, under the United States Constitution, to properly supervise its police officers.

66. At all times material herein, defendant City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train its police officers not to attack innocent people with chemical weapons, including pepper spray.

67. Defendant City of Seattle failed to properly supervise defendant John Doe #4.

68. Defendant City of Seattle failed to properly train defendant John Doe #4.

69. The above-described failures to supervise and to train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

70. The above-described failures by defendants to properly supervise and to properly train defendant John Doe #4 proximately caused the deprivation of the constitutional rights of the plaintiff as set forth hereinabove.

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

71. As a proximate result of the failure of defendants to properly supervise and train, and as a result of the deprivation of plaintiff's constitutional rights, plaintiff suffered personal injuries as set forth hereinabove.

72. The Seattle chief of police is not individually named as a defendant in this lawsuit.

### SEVENTH CAUSE OF ACTION: NEGLIGENCE

73. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 72.

74. The defendants owed a duty of reasonable care to plaintiff George Hickey under the circumstances herein.

75. The defendants breached their duty of reasonable care to defendant George Hickey under the circumstances herein.

76. Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*. The individual defendants are not being sued in this cause of action.

77. As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiff has been damaged in an amount in excess of the minimum jurisdiction of this Court.

COMPLAINT FOR DAMAGES - 13

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

## PUNITIVE DAMAGES ALLEGATIONS

78. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 77.

79. The acts and omissions of the individual defendants herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

80. Defendant City of Seattle should indemnify the individual defendants for any damages awarded against them at the trial of this action, including punitive damages.

81. Defendant City of Seattle is responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the City. Defendant City of Seattle is liable for all damages awarded against the individual defendants, including punitive damages. RCW 4.22.070(1)(a).

82. Since plaintiff George Hickey is a fault-free plaintiff, defendant City of Seattle is jointly and severally liable for all damages awarded, including punitive damages. RCW 4.22.070(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

Compensatory Damages: The defendants should be required to pay compensatory damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 14

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

Punitive Damages: The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, § 1983; Title 42, United States Code, § 1988; RCW 4.22.070(1)(a); and RCW 4.22.070(1)(b).

Attorneys' Fees: The defendants should be required to pay the plaintiff's reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

Other Relief: The Court should grant the plaintiff such other and further relief as the Court deems just and equitable.

DATED this the ____ day of August, 2004.

Respectfully submitted,

MUENSTER & KOENIG

By: _____
JOHN R. MUENSTER
WSBA No. 6237
Attorney at Law

Of Attorneys for Plaintiff George P. Hickey

COMPLAINT FOR DAMAGES - 15

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101